# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DEBORAH LYNN SIKES, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | Case No. CV415-174 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

## **REVISED REPORT AND RECOMMENDATION**

Two weeks ago the undersigned recommended that the Court dismiss Deborah Sikes' complaint without prejudice because she failed to comply with the Court's order directing her to submit an amended complaint. Doc. 4. She now asks for a three-month extension of time, presumably to object to the dismissal recommendation and/or submit an amended complaint (Sikes doesn't actually say what she wants the extension for), because she is undergoing radiation treatment for cancer. Doc. 6. She also informs the Court that she has "documentation to be brought out at [the] next hearing." *Id.*

Any extension would be futile because Sikes' claim is time barred. Claimants must challenge disability benefits denials within 60 days of

receiving notice of the Commissioner of Social Security's final decision. *See* 42 U.S.C. § 405(g).[1] "'Absent a reasonable showing to the contrary, the date of receipt of such notice is presumed to be five days after the date of such notice." *Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581, 583 (11th Cir. 2012) (citing 20 C.F.R. § 422.210(c)). Sikes'application for benefits was denied on December 30, 2014, *see Sikes v. Colvin*, CV 415-047, doc. 1-1 at 18 (S.D. Ga. Feb. 26, 2015), and given no contrary evidence in the record, the Court presumes she received notice five days later (January 4, 2015). *See* 20 C.F.R. § 422.210(c). That means she had to file suit no later than March 5, 2015.

---

[1] Compliance with the 60-day deadline is a critical pleading requirement:

> Because the appeal provision set forth in 42 U.S.C. § 405(g) constitutes a waiver of sovereign immunity, courts must strictly construe the applicable time limit. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 90 L.Ed.2d 462 (1986). *See also Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (affirming summary judgment in favor of the Commissioner for untimely filing of one day). Accordingly, a complaint appealing the Commissioner's denial of an application for social security benefits must allege the dates of the plaintiff's application(s) and the related denial(s). *Cook v. Astrue*, 2012 WL 812380 at * 3 (E.D.Cal. March 9, 2012); *Sanchez v. Astrue*, 2011 WL 1549307 at * 2-3 (E.D.Cal. 2011). The plaintiff must also allege that he or she appealed to the Appeals Council, setting forth the application date, the decision date, and the outcome. *Id*; *see also Pierre v. Comm. of Soc. Sec.*, 2012 WL 1066811 at * 3 (S.D. Fla. 2012) (requiring a plaintiff to allege facts supporting the conclusion that Commissioner rendered a final decision in the application below).

*Cribbet v. Comm'r of Soc Sec.*, 2012 WL 5308044 at * 2 (E.D. Cal. Oct. 29, 2012), quoted in *Hicks v. Astrue*, 2013 WL 309860 at * 1 (S.D. Ga. Jan. 25, 2013).

Sikes timely filed her first complaint challenging the Commissioner's denial on February 26, 2015. *See Sikes v. Colvin*, CV415-47, at doc. 1 (filed February 26, 2015). But that action was dismissed for abandonment on April 20, 2015. *Id.* at docs. 8 & 9. By that point, §405(g)'s 60 days had passed and any claim she filed thereafter was thus barred. *See Christides*, 478 F. App'x at 584 (dismissal without prejudice of initial, timely filed, complaint did not permit social security claimant to "file a later complaint outside [§ 405(g)'s 60-day] statute of limitations") (citing *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004)). Sikes never appealed that dismissal.

So, when plaintiff filed this case on June 15, 2015 (doc. 1) -- 102 days had passed after the limitations period ended (and 57 after dismissal of her first case) -- it was still born. Because she offers no exceptional circumstances that would warrant equitable tolling, *see Christides*, 478 F. App'x at 584 (equitable tolling of § 405(g) "is reserved for extraordinary facts," which do not include *pro se* status, ignorance of the law, or dismissal without prejudice of timely filed first action), this case should be **DISMISSED**, *with* prejudice, as untimely. *See id.* (affirming district court dismissal with prejudice of refiled complaint

submitted eleven days after limitations period expired). The previous Report and Recommendation counselling dismissal without prejudice (doc. 4) accordingly is withdrawn.

**SO REPORTED AND RECOMMENDED** this 24Th day of August, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA